Filed 04/16/24

VERMONT SUPERIOR COURT

Washington Unit
65 State Street
Montpelier VT 05602
802-828-2091
www.vermontjudiciary.org



CIVIL DIVISION
Case No. 22-CV-01552

Michael Squiers v Nicholas Deml et al

## Opnion and Order on Mr. Squiers' Motion for Partial Summary Judgment

Incarcerated Plaintiff Michael Squiers alleges that he was injured on work crew while mowing: he slipped, and the mower's blade cut his foot. Throughout the administrative grievance process, he sought monetary compensation for the injury and complained that incarcerated workers should be given proper safety gear and training. The grievance ultimately was denied at the Commissioner level because he asserted that it had not been initiated in a timely manner under the Offender Grievance System. Mr. Squiers then initiated this case *pro se*. The original complaint includes the two claims that appear in the grievance process as described above.

Subsequently, Vermont's Prisoner's Rights Office entered an appearance for Mr. Squiers but only as to claims for declaratory and prospective relief (an injunction or writ of mandamus). Counsel then filed an amended complaint. The amended complaint includes no cause of action for retrospective relief (compensatory damages). In the amended complaint, Mr. Squiers seeks declarations to the effect that the Department of Corrections (DOC) has failed to comply with mandatory statutory duties to "establish written guidelines governing the hours and conditions of offender work" under 28 V.S.A. § 751b(c), and to "promulgate rules establishing an injured offender compensation program for offenders or their dependents for injuries suffered while under supervision

by the Department and arising out of and in the course of work, industry, or an employment program," 28 V.S.A. § 760(a).

Mr. Squiers has filed a motion for partial summary judgment addressing solely the substance of his declaratory and prospective claims. As discussed at the April 15 hearing, this case has not been bifurcated technically. Nonetheless, the parties and the Court have allowed the presence of two complaints: the original one seeking damages for which Mr. Squiers represents himself; the amended one seeking declaratory and prospective relief for which he is represented by counsel.

The State has generally raised the matters of exhaustion of administrative remedies and issue preservation. Mr. Squiers has generally asserted that he exhausted his administrative remedies by completing the grievance process. At the hearing, he argued that he preserved the claim for declaratory and mandamus relief, pointing in particular to the administrative response appearing on Grievance Form #6 (Response to Appeal to Corrections Executive). At that point in the process, the DOC treated the grievance as meritorious in part (although to what end is unclear). That response includes this: "With regard to your request to receive appropriate safety equipment when performing facility employment details at NSCF, VT DOC facilities are required to ensure incarcerated individuals working conditions comply with all applicable federal, state, or local work safety law and regulations. It does not appear this happened in the situation you described. Your complaint is sustained in this regard." The Commissioner,

however, subsequently denied the grievance because Mr. Squiers had not initiated it within the mandatory timeframe.[1]

The Vermont Supreme Court has made clear that the Civil Division lacks authority to hear cases arising out of administrative action or inaction if the plaintiff has failed either to exhaust available administrative remedies or to preserve the specific issue presented. *See Pratt v. Pallito*, 2017 VT 22, ¶ 16, 204 Vt. 313, 319 (Preservation "affects a court's authority to hear and decide an issue; we have consistently held that we will not address issues that were not properly preserved before the relevant administrative agency."). "[T]o properly preserve an issue, a party must present the issue to the administrative agency 'with specificity and clarity in a manner which gives the [agency] a fair opportunity to rule on it.'" *Id.* (citation omitted).

Exhaustion aside, nowhere in the grievance process does the Court see requests to adopt "written guidelines governing the hours and conditions of offender work" and to initiate rulemaking to establish "an injured offender compensation program," much less citations to 28 V.S.A. §§ 751b(c), 760(a). Though the DOC at the Corrections Executive level acknowledged its general duty to "comply with all applicable federal, state, or local work safety law and regulations," nowhere did it specifically address the statutes at issue here or whether it was or was not in compliance with them.[2] And those issues were not

---

[1] The Commissioner's determination implies that while Mr. Squiers may have completed the grievance process, he may not have *properly* exhausted administrative remedies. *See Mullinnex v. Menard*, 2020 VT 33, ¶ 15, 212 Vt. 432, 442–43 (exhaustion of DOC grievance policy requires compliance with its terms). Because the Court resolves the motion on preservation grounds, it is unnecessary to resolve the exhaustion question now.

[2] The Court notes that, throughout the briefing on Mr. Squiers' motion, the State has never taken the position that it has complied with what, at first blush, appear to be

raised by Mr. Squires as deficiencies. Simply put: Mr. Squiers did not give the DOC notice of the issues presented in the amended complaint with sufficient clarity and specificity to give the DOC a fair opportunity to consider them; respond to them; and, perhaps, take steps to address them prior to seeking judicial relief. Accordingly, he failed to preserve these issues, and the Court lacks authority to hear them.

On that basis, summary judgment is denied to Mr. Squiers as to those claims, and the amended complaint is dismissed without prejudice. Mr. Squiers' claim for monetary relief remains. He has indicated that he wishes to obtain private counsel and file an amended complaint. The Court grants those requests.

<u>Conclusion</u>

For the foregoing reasons, Mr. Squiers' motion for partial summary judgment is denied, and the amended complaint is dismissed without prejudice. A notice of appearance by counsel or by Plaintiff indicating that he will represent himself, and an amended complaint shall be filed within 60 days.

Electronically signed on Monday, April 15, 2024, per V.R.E.F. 9(d).

Timothy B. Tomasi
Superior Court Judge

---

mandatory duties under 28 V.S.A. §§ 751b(c), 760 or (somehow) that those statutes do not impose mandatory duties on the DOC that have yet to be fulfilled.